CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DeFOUR,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00472 |
| ) | |
| v. ) | |
| ) | |
| **MAJOR J. HALL, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| **JEREMY DeFOUR,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00594 |
| ) | |
| v. ) | |
| ) | |
| **MAILROOM SUPERVISOR, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

*Jeremy DeFour, Pro Se; D. Patricia Wallace, Senior Assistant Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, a state prison inmate proceeding pro se, objects to the Report and Recommendation of the magistrate judge concerning the proper interpretation of a settlement agreement between the plaintiff and the Virginia Department of Corrections (VDOC). I will overrule the plaintiff's objection.[1]

---

[1] The objections are the same in both cases. For convenience, I will refer to the docket numbers in Case No. 7:24CV00472.

I.

On February 6, 2025, the plaintiff, Jeremey DeFour, and VDOC, through its counsel, entered into a written Settlement Agreement in which DeFour agreed to dismissal with prejudice these two cases brought by him in which he alleged that his constitutional rights had been violated by employees of VDOC. In return, VDOC promised to (1) pay DeFour $2,000 by deposit to his inmate trust account; (2) dismiss five administrative disciplinary convictions obtained against him; and (3) reclassify his Good Conduct Allowance to Level I and restore all Good Conduct Allowance as if he had been earning such credits since May 1, 2022. Settlement Agreement ¶¶ 2,3,4, Dkt. No. 47-1, Case No. 7:24CV00472.

During pre-settlement mediation proceeding before the magistrate judge, DeFour expressed the desire for another concession by VDOC, namely that his Security Level be reclassified back to Level 3. His reason, he told the magistrate judge, was "because once these disciplinary infractions are taken care of, then I should revert back to my standard before all of these charges came." Tr. 3–4, Dkt. No. 61, Case No. 7:24CV00472. He believes that if his Security Level was so reduced, he would be eligible for transfer out of a maximum security prison. Counsel for VDOC responded that this request was not part of the proposal that was before VDOC for consideration, *Id.* at 5, and it does not appear in the Settlement Agreement that DeFour signed.[2]

---

[2] By letter, DeFour had earlier tendered four proposed settlement terms to VDOC:

DeFour does not dispute but that VDOC has fully performed all of the promises expressly set forth in the Settlement Agreement and that his Security Level request does not appear in the Settlement Agreement.  He argues instead that the "natural consequence" of the dismissal of the disciplinary convictions is that his Security Level be reduced and that VDOC is purposely preventing this "natural consequence."  Reply to Opp'n 2, Dkt. No. 77, Case No. 7:24CV00472.  Accordingly, in his Motion to Enforce the Settlement Agreement, he asks the Court to direct VDOC to reduce his Security Level and pay him an additional $1,000 as punishment.

II.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the magistrate

---

1) Dismiss and expunge all disciplinary reports starting from May 2022 to the current[;]
2) [Change his Good Conduct Allowance to] Level 1 from May 2022 to the current[;]
3) Transfer to security level 3 (Lawrenceville, Buckingham, Powhatan, Nottoway)[; and]
4) Pay [him] the amount of $15,000[.]

R. & R. 7, Dkt. No. 72.

judge's recommended disposition of the case. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A district court possesses "the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement." *Petty v. The Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988). When faced with a motion to enforce a settlement agreement, two questions are before the court: (1) whether the parties reached a complete agreement and (2) whether the court can determine the terms and conditions of the agreement. *Hensley v. Alcon Lab'ys, Inc.*, 277 F.3d 535, 540–41 (4th Cir. 2002). Enforcing a settlement agreement turns upon "standard contract principles" and can be accomplished "within the context of the underlying litigation without the need for a new complaint." *Id*. The burden of proof is on the party moving the court to enforce the settlement agreement. *Saza, Inc. v. Zota*, No. 3:11-CV-363, 2012 WL 527370, at *5 (E.D. Va. Feb. 16, 2012).

In determining whether a settlement agreement has been reached, the court must "look[ ] to the objectively manifested intentions of the parties." *Moore v. Beaufort Cnty.*, 936 F.2d 159, 162 (4th Cir. 1991). Simply "[h]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Hensley*, 277 F.3d at 540 (quoting *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997).

DeFour obviously sought to add his present request to the settlement. He failed in that regard, even though he won on other important issues. While he argues

-4-

that because he had no legal assistance, he was disadvantaged in the negotiations, DeFour is an experienced prison litigator. He understood fully what the terms of the settlement were before he accepted them.

For these reasons, I will accept the magistrate judge's finding that "VDOC is not obligated to reduce DeFour's security level pursuant to the terms of the Settlement Agreement." R. & R. 13, Dkt. No. 72.

### III.

For the reasons stated, it is **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation, Dkt. No. 72, Case No. 7:24CV00472, and Dkt. No. 57, Case No. 7:24CV00594, is fully ACCEPTED;

2. The plaintiff's Objection to the Report and Recommendation, Dkt. No. 73, Case No. 7:24CV00472, and Dkt. No. 58, Case No. 7:24CV00594, is OVERRULED; and

3. The plaintiff's Motion to Enforce Terms of Settlement Agreement, Dkt. No. 47, Case No. 7:24CV00472, and Dkt. No. 37, Case No. 7:24CV00594, is DENIED.

ENTER: September 10, 2025

/s/ JAMES P. JONES
Senior United States District Judge